IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT J. ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CIV-14-298-F |
| v. ) | |
| ) | |
| REESE LANE, ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Before the Court is the Motion to Dismiss or, in the alternative, Motion for Summary Judgment and Brief in Support filed by Defendant Lane (Doc. # 30). Plaintiff has responded to the Motion (Docs. # 37, 38), and Defendant has replied to Plaintiff's Declaration in Opposition to Defendant's Motion for Summary Judgment (hereinafter "Plaintiff's Response") and Plaintiff's Statement of Disputed Factual Issues. For the following reasons, it is recommended that Defendant's Motion to Dismiss be granted and that the cause of action be dismissed for failure to exhaust administrative remedies.

I. Plaintiff's Complaint

In his Complaint filed March 26, 2014, Plaintiff alleges the following factual

1

circumstances occurred during his detention in the Payne County Jail in 2013 and 2014:

(1) "Defendant has allowed Plaintiff to be kicked, punched, [and] repeatedly tazered [sic] by his subordinates."

(2) "Defendant has consistently denied Due Process and arbitrarily remanded Plaintiff to an excessive amount of solitary confinement."

(3) "Plaintiff has been prohibited from, weeks at a time, takeing [sic] showers, washing hands, face or other hygenic [sic] activities."

(4) "Defendant has psycologicaly [sic] tortured Plaintiff by stripping him naked, strapping him into a chair for 18 hrs with no reason for the action."

(5) "Defendant has guilefully misused certain status changes to deny Plaintiff access to the courts. Plaintiff [sic] also denied [Plaintiff] any writing materials to access the courts."

(6) "Plaintiff believes that the 8th Amendment was violated when Defendant refused to feed and cloth [sic] Plaintiff for 30 days while being psycologically [sic] tortured."

(7) "Defendant allowed misuse of restraints which caused injury to Plaintiff."

(8) "August 17, 2013 - video evidence will show that Payne Co. Detention deputes [sic] misused restraints and blugeoned [sic] Plaintiff, and didn't allow him to clean up the blood or shower for 4 days."

(9) "Aug. 24 - Sept. 8, 2013 - Defendant didn't provide any medical help, denied telephone and mail services to Plaintiff."

(10) "[approximately] Oct. 2013 - Defendant handcuffed Plaintiff and dragged him 50 ft out of cell by handcuffs."

(11) "Nov. 24, 2013 - Defendant denied medicine prescribed by a physician at S.M.C. for rash."

(12) "Jan. 3 - 18, 2014 - Plaintiff was physically abused when he was stripped and placed in a cold empty cell, wasn't given any clothing, blankets, property, hygiene, shower, or phone calls."

The only Defendant named in the Complaint is Mr. Lane, who is the Jail Administrator for the Payne County Jail. Plaintiff alleges that Defendant Lane "is the person who oversees the actions taken by his subordinates and approves all actions." Based on the incidents alleged in the Complaint, Plaintiff contends that Defendant Lane violated his Eighth Amendment rights. As relief, Plaintiff seeks a declaratory judgment "that the Defendant has indeed violated [his] 8th Amendment rights."

II. Exhaustion of Administrative Remedies

Defendant has moved to dismiss the cause of action against him on the ground that Plaintiff has failed to exhaust available administrative remedies.

The Prison Litigation Reform Act ("PLRA"), enacted in 1996, requires a prisoner/detainee to exhaust his or her administrative remedies prior to filing a lawsuit in federal court challenging prison conditions under 42 U.S.C. § 1983 or any other Federal law. 42 U.S.C. § 1997e(a). "[E]xhaustion requirements are designed to ... give the agency a fair and full opportunity to adjudicate their claims" before the plaintiff proceeds to file an action in federal court. Woodford v. Ngo, 548 U.S. 81, 90 (2006).

This mandatory exhaustion requirement, see Jones v. Bock, 549 U.S. 199, 211 (2007),

applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 524, 532 (2002). To properly exhaust administrative remedies, Plaintiff must "us[e] all steps that the agency holds out, and [do] so *properly* (so that the agency addresses the issues on the merits)." Woodford, 548 U.S. at 90 (quotation and citation omitted). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).

Having asserted the affirmative defense of failure to exhaust administrative remedies, Defendant bears the burden of proof. See Jones, 549 U.S. at 215-216 (holding failure to exhaust administrative remedies is affirmative defense); Roberts v. Barreras, 484 F.3d 1236, 1241 (10th Cir. 2007)("We . . . hold that the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant.").

Defendant has presented evidence that the Payne County Jail has a three-step Inmate Grievance Procedure. Special Report, Ex. 9. The jail's grievance policy requires detainees to first attempt to resolve the issue informally by "communicat[ing] with detention staff" or by using "inmate information request forms." Id. at 1. Grievable matters include "[a]ny . . . matter relating to the conditions of care and supervision. . . ." of the detainee. Id. at 2. If the matter is not resolved, the detainee is then permitted to submit a written grievance to a Facility Grievance Officer within seven days of the alleged incident. Id. If the detainee wishes to appeal the response to the written grievance, the detainee may submit an appeal of the grievance decision to Defendant Lane, in his capacity as the Payne County Jail

4

Administrator, or to his designee by completing the "Request for Jail Administrator Review portion of the grievance form." Id. at 4.

Defendant has presented his own affidavit in support of his Motion to Dismiss. In the affidavit, Defendant avers that "[a]t no time during Mr. Anderson's incarceration in the Payne County Jail did I receive any grievance appeals. Specifically, Mr. Anderson did not file any grievance appeal related to any issue raised in the Complaint, including any lack of medical care, excessive force, mail issues or other conditions of confinement." Special Report, Ex. 8, at 5. The copy of the jail's administrative grievance policy and Defendant's affidavit provide sufficient evidence to demonstrate that Plaintiff failed to exhaust the administrative remedies available to him at the Payne County Jail.

In response to Defendant's Motion, Plaintiff states only that there is a disputed issue of fact regarding "whether defendents [sic] denied plaintiff access to grievence [sic] forms." Plaintiff's Statement of Disputed Factual Issues (Doc. # 38), at 2. This conclusory statement does not provide evidence that Plaintiff's ability to complete the jail's administrative grievance procedure was effectively prevented. See Tuckel v. Grover, 660 F.3d 1249, 252 (10th Cir. 2011)(PLRA's exhaustion requirement may be excused when an inmate shows a grievance procedure was effectively unavailable, such as where "prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of the administrative remedy").

The evidentiary documents included in the Special Report suggest that Plaintiff had mental and behavioral issues throughout his period of detention in the Payne County Jail between August 17, 2013 and April 11, 2014, when he was transferred to the custody of the

5

Oklahoma Department of Corrections. On various occasions during his detention, Plaintiff refused prescribed psychotropic medications, refused meals, refused water, refused medical treatment, was placed in an isolation cell, and was placed under suicide watch.

But Plaintiff has not alleged that he was unable to complete the administrative grievance procedure because of a mental impairment. In any event, "[t]he statutory exhaustion requirement of § 1997e(a) is mandatory, and the district court [i]s not authorized to dispense with it." Beaudry v. Corr. Corp. of America, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003)(*per curiam*). Plaintiff was certainly aware of the jail's grievance procedure as he submitted several Request to Staff forms during his detention. Special Report, Ex. 2, at 59-62, 103-109. His submission of those forms indicate that during the relevant time period for exhausting his administrative remedies he had the ability to understand and follow the jail's administrative grievance procedure.

Because Plaintiff failed to exhaust available administrative remedies concerning the claims asserted in his Complaint, Defendant's Motion to Dismiss the action for failure to exhaust administrative remedies should be granted, and the cause of action should be dismissed without prejudice on this basis. See Burke v. Garfield County Sheriff's Dep't, 377 Fed. App'x. 778, 781 (10th Cir. 2010)(unpublished op.)(dismissal for failure to exhaust administrative remedies under § 1997e(a) "should be without prejudice").

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Defendant's Motion to Dismiss (Doc. # 30) be GRANTED and that the cause of action be dismissed without

prejudice for failure to exhaust administrative remedies. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by      May 4th , 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   14th   day of    April   , 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE